FILED

AUG 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VINCENT LYLE BADKIN,

        Plaintiff-Appellant,

  v.

LOCKHEED MARTIN CORPORATION,
DBA Lockheed Martin Space Systems
Company, a Maryland corporation;
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT 160 AND LOCAL
LODGE 282, a Washington labor union,

        Defendants-Appellees.

No.   19-35524

D.C. No. 3:17-cv-05910-BHS
Western District of Washington,
Tacoma

ORDER

VINCENT LYLE BADKIN,

        Plaintiff-Appellee,

  v.

LOCKHEED MARTIN CORPORATION,
DBA Lockheed Martin Space Systems
Company, a Maryland corporation,

        Defendant,

 and

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT 160 AND LOCAL
LODGE 282, a Washington labor union,

No.   19-35559

D.C. No. 3:17-cv-05910-BHS

Defendant-Appellant.

| | |
|---|---|
| VINCENT LYLE BADKIN, | No. 19-35576 |
| Plaintiff-Appellee, | D.C. No. 3:17-cv-05910-BHS |
| v. | |
| LOCKHEED MARTIN CORPORATION, DBA Lockheed Martin Space Systems Company, a Maryland corporation, | |
| Defendant-Appellant, | |
| and | |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT 160 AND LOCAL LODGE 282, a Washington labor union, | |
| Defendant. | |

Before: NGUYEN and BUMATAY, Circuit Judges, and SIMON,[*] District Judge.

The prior memorandum disposition filed on July 21, 2020, is hereby amended concurrent with the filing of the amended disposition today.

The panel has voted to deny the petition for panel rehearing and to deny the petition for rehearing en banc, and Judge Simon has so recommended.

---

[*] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions for rehearing will be accepted.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

VINCENT LYLE BADKIN,

          Plaintiff-Appellant,

  v.

LOCKHEED MARTIN CORPORATION,
DBA Lockheed Martin Space Systems
Company, a Maryland corporation;
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT 160 AND LOCAL
LODGE 282, a Washington labor union,

          Defendants-Appellees.

No.   19-35524

D.C. No. 3:17-cv-05910-BHS

AMENDED MEMORANDUM[*]

VINCENT LYLE BADKIN,

          Plaintiff-Appellee,

  v.

LOCKHEED MARTIN CORPORATION,
DBA Lockheed Martin Space Systems
Company, a Maryland corporation,

          Defendant,

  and

No.   19-35559

D.C. No. 3:17-cv-05910-BHS

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT 160 AND LOCAL
LODGE 282, a Washington labor union,

Defendant-Appellant.

VINCENT LYLE BADKIN,

Plaintiff-Appellee,

v.

LOCKHEED MARTIN CORPORATION,
DBA Lockheed Martin Space Systems
Company, a Maryland corporation,

Defendant-Appellant,

and

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, DISTRICT 160 AND LOCAL
LODGE 282, a Washington labor union,

Defendant.

No.    19-35576

D.C. No. 3:17-cv-05910-BHS

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 6, 2020
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SIMON,** District Judge.

Vincent Badkin (Badkin) appeals the district court's grant of summary judgment in favor of his former employer, Lockheed Martin Corporation (Lockheed), and his former union, the International Association of Machinists and Aerospace Workers, District 160 and Local Lodge 282 (Union). We have jurisdiction under 28 U.S.C. § 1291 and review a district court's grant of summary judgment de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We affirm.

1.      In this "hybrid § 301" claim brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Badkin alleges that (1) Lockheed breached its collective bargaining agreement (CBA) by terminating Badkin's employment and (2) the Union breached its duty of fair representation by declining to advance Badkin's grievance to arbitration. To avoid summary judgment, Badkin must show at least a genuine issue of material fact on *both* prongs. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 988 (9th Cir. 2007). We conclude that Badkin has not shown a genuine issue of material fact on the Union's breach of its duty of fair representation.

---

**        The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

2.     When a hybrid § 301 claim challenges the exercise of a union's judgment, as opposed to conduct that is merely ministerial or procedural, a plaintiff "[t]ypically . . . may prevail only if the union's conduct was discriminatory or in bad faith." *Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 805 (9th Cir. 2017); *Burkevich v. Air Line Pilots Ass'n, Int'l*, 894 F.2d 346, 349 (9th Cir. 1990); *Moore v. Bechtel Power Corp.*, 840 F.2d 634, 636 (9th Cir. 1988).[1] The Union's decision not to advance Badkin's grievance to arbitration was an exercise of the Union's judgment. *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 879-80 (9th Cir. 2007) (distinguishing "intentional conduct by a union exercising its judgment" from "actions or omissions that are unintentional, irrational or wholly inexplicable, such as an irrational failure to perform a ministerial or procedural act"). A union's action is discriminatory only if there is intentional and severe discrimination unrelated to legitimate union

---

[1] In *Demetris*, we noted that "a union's conduct generally is not arbitrary when the union exercises its judgment" and that in such circumstances a union's action "can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." *Demetris*, 862 F.3d at 805 (simplified). The earlier cases of *Burkevich* and *Moore* are even more deferential to a union's judgment. *See Burkevich*, 894 F.2d at 349 (noting that if the conduct involved a union's judgment, "the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith"); *Moore*, 840 F.2d at 636 (same and explaining that when a union's judgment is in question, "[a]rbitrariness alone would not be enough"). We need not resolve this potential tension in the case law because here no reasonable jury could find the Union's action to be without rational basis or explanation. The Union simply viewed the relative strength of Badkin's claim differently than did Badkin.

objectives. *Id.* Here, there is no evidence of discrimination. Badkin admitted at deposition that he had no reason to believe that the Union was acting towards him with ill will or hostility. Likewise, the Union's representative testified that he treated Badkin as he would have treated any other member of the Union under similar circumstances. Badkin presents no evidence to the contrary.

3.      In the context of a hybrid § 301 claim, a union acts in bad faith only when there is substantial evidence of fraud, deceitful action, or dishonest conduct. *Beck*, 506 F.3d at 880. Badkin argues that the Union's decision not to proceed to arbitration was done in bad faith. Badkin, however, fails to show a genuine issue of material fact on bad faith. Although Badkin argues that the Union failed to timely inform him about or provide him with a copy of the August 2016 resolution of Badkin's grievance between Lockheed and the Union, the Union consulted with its former attorney and concluded that Badkin's grievance did not have enough merit to proceed to arbitration. The facts are unclear why the Union did not on September 21, 2016 (or earlier) inform Badkin about or give him a copy of the written August 2016 memorialization of the resolution of Badkin's grievance, but there is no evidence from which a reasonable jury could conclude that the Union's failure to do so was in bad faith. At most, the Union was negligent. Mere negligence, however, cannot support a claim of unfair representation. *See Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985).

4. Because Badkin fails to show a genuine issue on whether the Union breached its duty of fair representation, we need not decide whether there is a genuine issue regarding Lockheed's alleged breach the CBA. We also need not decide the cross-appeals of Lockheed and the Union, arguing that summary judgment was appropriate under the applicable six-month statute of limitations or that the district court erroneously excluded certain evidence offered by Lockheed and the Union.

5. Badkin also raises a new issue on appeal. He argues for the first time that Lockheed violated his due process rights under the Fourteenth Amendment by terminating his employment without affording him either a pre-termination or post-termination hearing. In support, Badkin relies on *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). Badkin, however, does not explain how Lockheed's actions as a private employer trigger any duties under the Fourteenth Amendment. In any event, we decline to address Badkin's new issue because it was not presented to the district court. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (holding that we generally do not consider an issue not raised below); *see also Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1053 (9th Cir. 2007) (declining to consider a constitutional claim presented for the first time on appeal).

6. Finally, Badkin and Lockheed each have filed motions on appeal.

19-35524

Badkin asks us to take judicial notice of the fact that the attorney whom the Union consulted had resigned from the Washington State Bar approximately two years before the Union discussed Badkin's matter with that attorney. Badkin also seeks leave to file his accompanying supplemental brief on this issue. We grant Badkin's motion. We have considered Badkin's additional evidence and argument, and we conclude that it does not affect the outcome. Lockheed asks us to receive a physical exhibit, specifically, a recording of the 911 call made to law enforcement on the day of Badkin's arrest. Because there is already ample evidence of what occurred that day and additional evidence is not relevant to our analysis of the Union's duty of fair representation, we deny Lockheed's motion.

**AFFIRMED.**